UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW CONEV,

                 Plaintiff,

v.

DEBRA BELLINGER, et al.,

                 Defendants.

Case No. C17-1725 RSM-BAT

**ORDER DECLINING SERVICE AND GRANTING LEAVE TO AMEND**

Andrew Conev, a Snohomish County Jail detainee filed a 28 U.S.C. § 1983 civil rights complaint against Debra Ballinger, Nurse Meader, all Snohomish County Jail medical staff, and the Snohomish County Jail. Dkt. 1. The Court declines to serve the complaint because it fails to state a claim upon which relief may be granted, and is subject to dismissal. However, because Mr. Conev is proceeding *pro se*, the Court grants him leave to file by **January 8, 2018**, an amended complaint, or to show cause why the complaint should not be dismissed.

## FACTUAL ALLEGATIONS

Mr. Conev alleges he is a Snohomish County Jail detainee, and that defendants have disregarded his medical issues. Specifically, Mr. Conev claims before he was jailed, he was not eating, and was malnourished. He contends he has been jailed 40 days, and is "still very malnutritioned" and has headaches, nausea, insomnia, anxiety attacks and mood swings. Mr. Conev alleges he has been "denied" by "Mr. D. Billenger" even though a nurse told Mr. Conev

ORDER DECLINING SERVICE AND GRANTING
LEAVE TO AMEND - 1

he would receive a high calorie diet. Mr. Conev also alleges the jail has not provided adequate care for his constipation problems. He claims he was provided medications ("pills") and a high fiber diet but they were not helpful. And finally Mr. Conev alleges the jail waited a week before attending to an infected tooth.

**DISCUSSION**

To sustain a civil rights action under § 1983, Mr. Convev must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**A.  Liability of Parties**

**(1)  Municipalities**

Mr. Conev names Snohomish County Jail as a defendant. The jail is an agency that normally cannot be sued under § 1983. *See Howlett v. Rose,* 496 U.S. 356, 365 (1990). The proper defendant is Snohomish County. However, to sue the county, Mr. Conev must show the county itself violated his rights or that it directed its employees to do so. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1994).

Under this theory of liability, the focus is on the county's "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's Officers." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988) (quoting *Monell*, 436 U.S. at 690). The county is not liable for the acts of its employees under a respondeat superior theory of liability. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Therefore, in order to sue Snohomish County, Mr. Conev must allege facts showing that any constitutional deprivation he suffered was the result of a custom or policy of the county.

### (2) Supervisory Liability

Section 1983 supervisory liability cannot be based on respondeat superior. *See Monell*, 436 U.S. at 691. A § 1983 action may not be brought against a supervisor on a theory the supervisor is liable for the acts of his or her subordinates. See *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).

It is unclear whether Mr. Conev has named any defendants who acted in a supervisory capacity; there are no allegations contained in the complaint showing this. To the extent the complaint is premised upon the responsibility of an individual to supervise medical employees at the Jail, Mr. Conev has failed to state a § 1983 claim. To state a claim against any individual defendant, he must allege facts showing that the individual defendant participated in or directed the alleged violation, or knew of the violation and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998), *cert. denied*, 525 U.S. 1154 (1999); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1948 (2009) (vicarious liability is inapplicable to a § 1983 suit).

### B. Personal Participation – Eighth Amendment Claims

It is also unclear from the complaint what acts defendants Billenger and Meader performed that violated his rights. The complaint indicates Defendant Billenger "denied" but does not specify what that involved, or how the denial harmed him. Likewise, the complaint does not indicate what defendant Meader did to violate Mr. Conev's rights. To obtain relief against a defendant under 42 U.S.C. § 1983, Mr. Conev must prove that a particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). Mr. Conev must set forth specific facts showing a causal connection between

each defendant's actions and the harm allegedly suffered by plaintiff. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

The complaint does not meet these standards. Instead it alleged a denial of adequate medical care. This is not sufficient to state an Eighth Amendment violation. Mr. Conev may file an amended complaint to provide additional facts to support this claim, including the nature of his injuries and which individual or individuals knew of his injuries and failed to provide treatment.

## CONCLUSION

The Court **DECLINES** to serve the amended complaint which as discussed above is deficient. However, the Court grants plaintiff permission to submit an amended complaint to attempt to cure the above-mentioned deficiencies by **January 8, 2018.** The amended complaint must carry the same case number as this one. **If no amended complaint is timely filed, or if an amended complaint is filed that is still deficient, the Court will recommend that this matter be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted.**

DATED this 18th day of December, 2017.

BRIAN A. TSUCHIDA
United States Magistrate Judge