1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW CONEV,

               Plaintiff,

   v.

DEBRA BELLINGER et al.,

               Defendants.

CASE NO. C17-1725-RSM

**REPORT AND
RECOMMENDATION**

Andrew Conev, a Snohomish County Jail detainee filed a pro se 28 U.S.C. § 1983 civil rights complaint against Debra Ballinger, Nurse Meader, all Snohomish County Jail medical staff, and the Snohomish County Jail. Dkt. 1. The Court declined to serve the complaint because it failed to state a claim upon which relief may be granted and granted Mr. Conev leave to file by **January 8, 2018**, an amended complaint, or to show cause why the complaint should not be dismissed**.** On January 8, 2018, Mr. Conev filed an amended complaint. Because the amended complaint fails to state a claim upon which relief may be granted, the Court recommends the case be dismissed without prejudice.

**DISCUSSION**

In his original complaint, Mr. Conev alleges he is a Snohomish County Jail detainee, and that defendants have disregarded his medical issues. Specifically, Mr. Conev claims before he

REPORT AND RECOMMENDATION - 1

1   was jailed, he was not eating, and was malnourished. He contends he has been jailed 40 days,

2   and is "still very malnutritioned" and has headaches, nausea, insomnia, anxiety attacks and mood

3   swings. Mr. Conev alleges he has been "denied" by "Mr. D. Billenger" even though a nurse told

4   Mr. Conev he would receive a high calorie diet. Mr. Conev also alleges the jail has not provided

5   adequate care for his constipation problems. He claims he was provided medications ("pills")

6   and a high fiber diet but they were not helpful. And finally Mr. Conev alleges the jail waited a

7   week before attending to an infected tooth.

8        The Court's Order Declining Service with Leave to Amend advised Mr. Conev that to

9   sustain a civil rights action under § 1983, he must show (1) he suffered a violation of rights

10  protected by the Constitution or created by federal statute, and (2) the violation was proximately

11  caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d

12  1418, 1420 (9th Cir. 1991). *See*  Dkt. 8. The Order also advised Mr. Conev that: (1) Snohomish

13  County is an agency that cannot be sued under § 1983; (2) the complaint does not set forth facts

14  showing any defendant participated in, or directed the alleged violation, or knew of the violation

15  and failed to act to prevent it; and that (3) the complaint failed to set forth what defendants

16  Ballinger and Meader did that violated Mr. Conev's rights.

17       The Court therefore ordered Mr. Conev to file an amended complaint supporting his

18  allegations with facts sufficient to state a claim for relief by clearly identifying the alleged

19  constitutional violation, linking those violations to specific defendants, and providing sufficient

20  factual support beyond mere speculation.  *Id.*

21       Mr. Conev responded to the show cause order and filed an amended complaint. Dkt. 10.

22  The amended complaint names one defendant, Nurse Bellinger and alleges:

23            The facts are complete deliberate indifference to physical/mental
             health issues that were brought to the attention of SCC R/N

> Bellinger for several weeks. I was told I'm lieing about what
> symptoms I was experiencing from September 23 tp the end of
> approx. 40 days the paper trail w/ help back me up. I also just was
> diagnost wi ptsd from catholic community service and have been
> seeing a therapist from there as well. Price was his name.

Dkt. 10 at 3. Attached to the complaint are a number of "Service Kites," and Inmate Grievance

Forms.

In viewing Mr. Conev's pleadings, as a whole, they fail to state a claim upon which relief

may be granted. His original complaint is insufficient because an entitlement to relief requires

factual support that goes beyond "naked assertions," "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-

57 (2007). A claim upon which the court can grant relief has facial plausibility, that is, "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

His amended complaint is a step backwards, containing no facts and instead making the

conclusory statement that "[t]he facts are complete deliberate indifference to physical/mental

health issues that were brought to the attention of SCC R/N Bellinger." As noted above, the

failure to plead "factual content" is fatal.

The Court has reviewed the Service Kites and Inmate Grievance Forms that are attached to

the amended complaint, and they also fail to set forth sufficient facts to state a claim upon which

relief may be granted. Some of the attachments describe the back-and-forth between Mr. Conev

and the jail staff regarding the amount of food he is receiving. For instance on October 17, 2017,

Mr. Conev requested double portions, Ensure and dietary supplement and a sack lunch at night.

Nurse Bellinger responded that a normal body mass index (BMI) is 18.5 – 24.9 and that Mr.

Conev's BMI is a "normal healthy" 21.4. These allegation do not establish Nurse Bellinger is

REPORT AND RECOMMENDATION - 3

deliberately indifferent to Mr. Conev's medical needs. Rather it appears the nurse is monitoring his health and weight and believes he does not need additional rations because he is a healthy and normal weight. Nurse Bellinger also informed Mr. Conev he is on weekly weight checks. Mr. Conev disagrees with the nurse but a difference of opinion between medical professionals concerning the appropriate course of treatment generally does not amount to deliberate indifference to serious medical needs. *Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

The Court also notes that on October 15, 2017, Mr. Conev submitted a service kite complaining about tooth pain and was informed that he was referred to the dental clinic. This also contradicts his claim that the jail is deliberately indifferent to his needs. Perhaps Mr. Conev believes the referral was not timely and the jail was negligent. However, negligence is not actionable under § 1983 in the prison context. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 & n. 4 (1994); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

Finally, the Court notes Mr. Conev claims he is having mental problems and receiving treatment. The claim is not fleshed out and need not be addressed here because Mr. Conev has filed another complaint regarding his mental health. *See* C17-1907, *Conev v. Snohomish County Jail.*

In conclusion, as Mr. Conev's complaint and amended complaint fail to state a claim upon which relief may be granted, the Court recommends the case be **DISMISSED** without prejudice.

//

//

//

REPORT AND RECOMMENDATION - 4

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore Mr. Conev should not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

If Mr. Conev wishes to file an objection to this recommendation, he must do so by **January 23, 2018.**  The Clerk should note the matter for **January 26, 2018**, as ready for the District Judge's consideration.  Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 9th day of January, 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5